FERNAND BUREAU, as Parent and Natural Guardian of ANDRE BUREAU, an Infant, Appellant, v NEWCOMB CENTRAL SCHOOL DISTRICT et al., Respondents.

Third Department, April 17, 1980

## APPEARANCES OF COUNSEL

*David W. White (Patrick J. Mannix* of counsel), for appellant.

*Urfirer & Brooks, P. C. (James M. Brooks* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Claimant is the father of Andre Bureau, a high school student in the Newcomb Central School District who sustained a fractured leg in a track and field contest on June 11, 1977. Andre was 16 years old on the date of the mishap. Approximately six months later, on December 2, 1977, claimant consulted an attorney who advised him of the requirements of section 50-e of the General Municipal Law. Six months subsequent to receipt of professional advice, on May 31, 1978, claimant sought leave to late file a claim on behalf of his son. Leave was denied and this appeal ensued.

The amendment to subdivision 5 of section 50-e of the General Municipal Law (L 1976, ch 745, § 2) not only expanded the grounds upon which a court may allow late filing of a notice of a claim against a public corporation and lengthened the time within which an application for such relief could be made, it altered the interpretive emphasis of the statute so as to diminish the effectiveness of time limitations and accrual dates as inflexible parameters beyond which late filing would not be permitted, and enlarged judicial discretion to permit individual consideration of proffered excuses for delay (see *Matter of Beary v City of Rye,* 44 NY2d 398, 411-412). Where, as here, the disability advanced for failure to timely file is infancy, the loosening of strict application of statutory time strictures (L 1976, ch 745, § 2) can be traced back to *Beary's* predecessor *Matter of Murray v City of New York* (30 NY2d 113, 120) wherein the Court of Appeals stated: "The impediment may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated [citations omitted]." Thus, it necessarily follows that infant disability excuses late filing if, in the view of the court, such impediment did not prevent the public corporation or its attorney or its insurance carrier from acquiring actual knowledge of the essential facts constituting the claim within the time specified in subdivision 1 of section 50-e or "within a reasonable time thereafter". In sum, in the absence of prejudice traceable to claimant's infancy, the presumed impediment attending that fact will excuse late filing *(Matter of Murray v City of New York, supra).*

On the record before us, we cannot say that defendants were prejudiced by the delay in filing so as to impede their efforts to investigate the allegations of negligence. The affidavits in support of the order to show cause as well as the proposed claim assign defendants' failure to properly train and indoctrinate the infant in the sport of track as causative of the injuries sustained. There are no allegations that the running surface was defective or that defendants committed any acts or refrained from any acts on the date of the accident that proximately contributed to the same. Since it does not appear to us that defendants cannot adequately meet the alleged charges of negligence in the proposed claim, we conclude that the relief sought should have been granted.

The order should be reversed, on the law and the facts, without costs, and leave to file a late claim pursuant to section 50-e of the General Municipal Law should be granted.

MIKOLL, J. (dissenting). I respectfully dissent.

The County Court weighed and considered all the relevant facts and circumstances in determining whether to grant or deny the filing of a late notice of claim. Its decision is well within the perimeters of discretion reserved to it by subdivision 5 of section 50-e of the General Municipal Law and should not be disturbed.

GREENBLOTT, MAIN and CASEY, JJ., concur with MAHONEY, P. J.; MIKOLL, J., dissents and votes to affirm in a separate opinion.

Order reversed, on the law and the facts, without costs, and leave to file a late claim pursuant to section 50-e of the General Municipal Law granted.