■ MARY D. COONRADT et al., Respondents, v AVERILL PARK CENTRAL SCHOOL DISTRICT et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered May 31, 1978 in Rensselaer County, which granted claimants' application for leave to serve late notices of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. Claimant Frederick D. Coonradt was 17 years old when, in football games on October 1, 1977 and October 8, 1977, he allegedly seriously injured his neck and cervical spine while competing as a member of respondent Averill Park Central School District's high school football team. Asserting that the boy's injuries resulted from respondents' negligence, claimants thereafter served notices of claim upon respondents on April 3, 1978. Since this service was not effectuated within 90 days after the claim arose as provided in subdivision 1 of section 50-e of the General Municipal Law, however,

claimants also moved at Special Term pursuant to subdivision 5 of section 50-e of the General Municipal Law for permission to serve the notices beyond the statutory period. Their motion was granted in an order which extended the time in which the notices could be served until April 4, 1978. This appeal followed. We hold that Special Term's order should be affirmed. An examination of the record herein demonstrates that respondents had actual knowledge of the essential facts constituting the claim. Not only were the school district's employees including the football coach, respondent Rocco Montesano, present when the infant claimant was injured (cf. *Matter of Wade v City of New York,* 65 AD2d 534), but also written claims were made within the statutory period for the school district to pay the boy's rapidly mounting medical bills. Additionally, claimant Mary D. Coonradt, the infant claimant's mother and a widow, was understandably preoccupied following her son's injuries with maintaining her full-time secretarial job to support her six children while at the same time arranging for special fusion surgery for her injured son. Also, she apparently believed that the school district would pay her son's medical bills, and when these payments were not forthcoming, she then contacted an attorney on March 23, 1978. Significantly, the subject notices of claim were served shortly thereafter. Under these circumstances and it not appearing that respondents will be prejudiced by the late service of the notices of claim, we cannot say that the court abused its discretion in permitting tardy service both as to the claim of the infant claimant and also the derivative claim of his mother (cf. *Bureau v Newcomb Cent. School Dist.,* 74 AD2d 133; *Hubbard v County of Suffolk,* 65 AD2d 567; *Matter of Matey v Bethlehem Cent. School Dist.,* 63 AD2d 807; see, also, *Matter of Murray v City of New York,* 30 NY2d 113). Order affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.