■ Yvon Lavoie, Individually and as Parent and Natural Guardian of Terry Lavoie, an Infant, Appellant, v Town of Ellenburg et al., Respondents.—Appeal from so much of an order of the Supreme Court at Special Term, entered March 27, 1980 in St. Lawrence County, which denied the appellant the right to file a late notice of claim on his own behalf. The infant plaintiff was injured as the result of the crash of a car in which he was a passenger on July 22, 1979. On December 20, 1979 the appellant, the infant's father, became aware that to maintain the instant action a notice of claim must ordinarily be filed within 90 days. On January 10, 1980 a motion to file a late notice of claim on behalf of both plaintiffs was made. Special

Term denied the motion on behalf of the appellant father, but granted it as to the infant. The issue on appeal is whether Special Term abused its discretion in refusing to allow the filing of a late notice, pursuant to section 50-e of the General Municipal Law. The sole excuse afforded by the appellant in his affidavit was "because of my distress and concern, ignorance of my son's possible rights, ignorance of the 90 day notice provision, and my efforts to run my household after the accident". It should be noted that the affidavit also recites that the infant was in a coma and from the date of the accident until late November of 1979 and at the date of the affidavit, December 27, 1979, still could not talk or move much of his body. Inasmuch as there is no allegation that the distress (and such distress is not doubted) prevented the appellant from otherwise attending to his daily routine, the sole reason for not filing is ignorance of the 90-day requirement. It cannot be said that ignorance of the notice requirement compels that delay be excused. While we agree with the appellant that the purpose of the 1976 amendment to subdivision 5 of section 50-e of the General Municipal Law was to give the court additional discretionary power to permit late filing (see *Bureau v Newcomb Cent. School Dist.,* 74 AD2d 133), under the factual situation here presented it was not mandatory that the court find in favor of the appellant father. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.