■ In the Matter of RICHARD LOCKSKIN, JR., Respondent, v SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered February 19, 1980 in Albany County, which granted petitioner's application, pursuant to subdivision 5 of section 50-e of the General Municipal Law, for leave to file a notice of claim after expiration of the time specified in section 50-e (subd 1, par [a]) of the General Municipal Law. Petitioner was 17 years old and a tenth-grade student at South Colonie Central High School when, on September 11, 1978, he was allegedly injured when he was kicked in the groin by one of two students who were causing a disturbance in one of the school hallways during a change of classes. Thereafter until December 1, 1978, his condition was diagnosed by his attending physician as a muscle strain, and during September and October of 1978 petitioner received daily hot packs on the injured area at the school health office. During the period from December 1, 1978 to August 28, 1979, petitioner's doctors discovered that his condition was much more serious, however, and throughout this time petitioner was incapacitated and generally confined to hospitals in Albany and Boston wherein he underwent surgical removal of a tumor, chemotherapy, removal of further tumors found to be malignant and removal of most of his pelvis

and entire hip with an implant of a donor hip and pelvis. Following this long ordeal, petitioner first sought legal counsel regarding his condition in October of 1979, and this application for an extension of time to file a claim was made by notice of motion served on November 29, 1979. Basically, petitioner grounds his claim upon allegations that his physical condition and medical problems were caused by various acts of negligence by defendant, and at Special Term the court granted him leave to file a late notice of claim on or before February 20, 1980. The sole question presented on this appeal is whether Special Term abused its discretion in granting petitioner leave to file a late notice of claim, and we hold that it did not. The evidence in the record establishes that, with the exception of the serious nature of petitioner's physical condition which did not become known until December 1, 1978 and thereafter, respondent had actual knowledge of the essential facts constituting petitioner's claim within the statutory 90-day period (General Municipal Law, § 50-e, subd 1, par [a]). On the day of their occurrence, petitioner immediately reported to the school nurse about the scuffle in the hall and his resultant groin injury. Moreover, on October 4, 1978, a claim form regarding the injury was completed and signed by a vice-principal of the school and then submitted to respondent's medical insurance carrier, and as noted above, petitioner was treated for his injury daily during September and October of 1978 at the school health office. As for the later notice which respondent received concerning the seriousness of petitioner's condition, this could properly be excused by the court in view of petitioner's infancy and the sudden and extreme nature of his illness which caused him to be incapacitated and hospitalized for an extended period (cf. *Matter of Wade v City of New York,* 65 AD2d 534). Furthermore, it is significant that respondent could have made a more thorough investigation of the accident and injury of which it had notice and that adequate medical information should be available for the defense through appropriate discovery procedures. In sum, actual notice to respondent of petitioner's injury has been established, and there has been no showing that respondent will be prejudiced by a late filing by petitioner. Under these circumstances, Special Term's order should be affirmed (cf. *Bureau v Newcomb Cent. School Dist.,* 74 AD2d 133; *Matter of Wemutt v County of Onondaga,* 64 AD2d 1025). Order affirmed, with costs. Mahoney, P.J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.