■ In the Matter of ROBERT F. DE GROFF, Respondent, v BETHLEHEM CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered May 12, 1982 in Albany County, which granted petitioner's application, pursuant to subdivision 5 of section 50-e of the General Municipal Law, for leave to serve a late notice of claim. On April 28, 1976, Beth De Groff, who was then 11 years old and riding a bicycle, suffered injuries as the result of a collision with a Bethlehem Central School District bus. An application for leave to file a late notice of claim, made on March 5, 1982, was granted. We affirm. The limitation period for filing a notice of claim under subdivision 5 of section 50-e of the General Municipal Law may be tolled during the claimant's infancy (*Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 262). Whether it is to be tolled, however, is purely a discretionary decision; courts remain free to deny an extension of time to serve a late notice of claim in the interests of fairness to the potentially liable party (*id.,* at p 265). In spite of the fact that nearly six years had passed since the accident occurred, Special Term properly concluded that the relief sought should be granted. Respondent had actual notice of the accident on the day it occurred; its superintendent, the principal of the Bethlehem Middle School, and, of course, the driver of the bus were all present at the scene when or shortly after the accident happened (see *Matter of Lockskin v South Colonie Cent. School Dist.,* 81 AD2d 929; *Bureau v Newcomb Cent. School Dist.,* 74 AD2d 133; *Matter of Ford v Town of Guilderland,* 85 AD2d 868). Furthermore, Beth De Groff's injuries, which included a broken leg and a fractured pelvis, were sufficiently serious to have alerted respondent to the advisability of undertaking a thorough investigation of the incident. In an effort to establish

that the extent of the delay, without more, is prejudicial per se, respondent suggests that the memories of the other school children on the bus will have dimmed considerably. Inasmuch as respondent has failed to show that any of the other school children actually saw the collision or that those who may have seen it suffer from faulty recollection, serious prejudice to respondent is unapparent. Indeed, we are unaware of how respondent will suffer any greater or different disadvantage than that which customarily obtains when infancy tolls a time limitation. That the claim of prejudice appears to be founded on little more than mere speculation is also borne out by the absence of an averment that the driver of the bus or the investigating police officer are unavailable to testify. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.