■ In the Matter of JOSEPH WELSH et al., Respondents, v BERNE-KNOX-WESTERLO CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered October 19, 1983 in Albany County, which, *inter alia,* granted petitioner's application pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to file a late notice of claim. ¶ On or about October 5, 1977, when petitioner Joseph Welsh was 12 years of age, he was injured during a regularly scheduled gym class. The injury occurred when his right eye and the surrounding area came in contact with a cleated shoe worn by one of his classmates during a football game. The supervising teacher was present and the incident was immediately brought to the attention of the school nurse who, after rendering first aid, made a report of the incident, the injury and the circumstances surrounding the event. Welsh apparently received some medical treatment for a period of time, the expense of which was borne by respondent or its carrier. Some four and one-half years later, Welsh experienced difficulty with the eye and an optic tumor, allegedly causally related to the October 5, 1977 injury, was surgically removed on May 26, 1982. One of respondent's teachers and its school nurse were advised of these developments, and, thereafter, Welsh's guardian was advised that respondent or its carrier would no longer provide

for medical expenses. Subsequently, on July 13, 1982, a claim on behalf of Welsh was filed by his guardian, who also filed a claim individually.[*] Petitioners moved for permission to file the late notice of claim and respondent cross-moved for dismissal of both claims upon the ground that they were untimely. Special Term permitted and approved the late filing and denied respondent's cross motion to dismiss. Respondent appeals. ¶ Initially, we conclude that Special Term erred in not dismissing the individual claim of Welsh's guardian since the extension permitted in subdivision 5 of section 50-e of the General Municipal Law cannot exceed the time limited for the commencement of an action by a claimant against the public corporation (see *Moran v City of Albany*, 73 AD2d 1010; see, also, General Municipal Law, § 50-e, subd 5). This limitation, however, does not apply to those subject to disabilities specified in the CPLR, such as the infant herein, for whom the period of time has been extended. Thus, we conclude that Special Term was justified in permitting the late filing of the claim filed on behalf of Welsh. Whether the limitation period for filing a notice of claim under subdivision 5 of section 50-e is to be tolled during the claimant's infancy is strictly a matter of discretion (see *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 265-266). Factors to be considered in the exercise of that discretion are enumerated in subdivision 5 and in *Matter of De Groff v Bethlehem Cent. School Dist.* (92 AD2d 702) and *Matter of Lockskin v South Colonie Cent. School Dist.* (81 AD2d 929), cases with marked similarities to the case at bar. Consideration of those factors reveals that Welsh was concededly an infant at the time of the incident and when the application for a late filing was made. Although over four years passed from the time of the incident, respondent had immediate notice of the accident and two of its employees were witnesses to the occurrence. Furthermore, a detailed report containing substantially the same information as a notice of claim was given to respondent by one of its employees within 24 hours of the accident. While the injuries were not as obvious as those in *De Groff* (*supra*), a blow of force sufficient to cause hemorrhaging of the eye could reasonably be considered sufficiently serious to have alerted respondent to the advisability of making a thorough investigation. Moreover, even at this stage, there is no indication that respondent, through the proper exercise of discovery, cannot obtain complete information concerning the history, nature and extent of the injury. Lastly, while respondent claims that it has been prejudiced by the delay, no such showing is demonstrated in this record. In light of the foregoing, it cannot be said that Special Term abused its discretion in permitting the late filing of the claim on behalf of Welsh. ¶ Order modified, on the law, without costs, by reversing so much thereof as permitted a late filing of the individual claim of Christina Baker, and, as so modified, affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.

---

* Petitioner Joseph Welsh apparently has now reached the age of majority.