■ In the Matter of DANIEL F. URBAN, SR., et al., as Parents and Natural Guardians of DANIEL F. URBAN, JR., an Infant, Appellants, v WATERFORD-HALFMOON UNION FREE SCHOOL DISTRICT, Respondent. — Appeal from an order of the Supreme

Court at Special Term (Prior, Jr., J.), entered February 23, 1984 in Albany County, which denied petitioners' application pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim.

Petitioners made the instant application for leave to serve a late notice of claim on behalf of their son, Daniel, Jr. On January 8, 1983, then eight-year-old Daniel attended a basketball game at Waterford-Halfmoon High School. The game was sponsored by the Waterford Crusaders Athletic Association, a subdivision of the Catholic Youth Organization (CYO), which was using the school premises pursuant to a revocable license. Upon leaving the gym at the end of the game, Daniel fell on an unlighted staircase, fracturing his two front teeth and sustaining facial bruises and lacerations. On January 13, 1983, Mr. Urban, Daniel's father, phoned the principal of the high school, informing him of Daniel's accident and inquiring as to the school's insurance coverage. In response, the principal's secretary wrote to Mr. Urban on the same day, saying that according to "Sister Jean", who was apparently a nun at one of the schools participating in the game, Daniel's accident would be covered by the CYO's insurance since it was the game's sponsor. Mr. Urban did not contact the school again, although he contends that his son's dentist sent a description of the boy's injuries to the school on January 24, 1983. The school denies receipt of this communication.

On September 24, 1983, shortly after retaining an attorney, petitioners made the instant application for leave to file a late notice of claim against respondent. Special Term denied the application and this appeal ensued.

Subdivision 5 of section 50-e of the General Municipal Law provides that the granting of leave to serve a late notice of claim is a matter of discretion to be determined by the court in light of all the facts and circumstances of a given case. Among the relevant factors set forth in the statute to be weighed by the court in making its determination are whether the claimant was an infant and whether the public corporation acquired actual notice of the facts constituting the claim. In its application of subdivision 5 of section 50-e, this court has held that "infant disability excuses late filing" so long as the claimant's infancy did not prevent the public corporation, its attorney or its insurance carrier from receiving actual knowledge of the facts constituting the claim within the 90-day time limitation of section 50-e or within a reasonable time thereafter (*Bureau v Newcomb Cent. School Dist.*, 74 AD2d 133, 134).

In compliance with the *Bureau* decision, we hold that Daniel's infancy excuses the late filing here in that respondent received actual notice of the facts constituting the claim five days after the accident, when Mr. Urban phoned the school principal and informed him of his son's injury. This report of a child having been seriously injured on school premises should have alerted respondent to the advisability of conducting a thorough and immediate investigation of the incident (see *Matter of De Groff v Bethlehem Cent. School Dist.,* 92 AD2d 702). Having failed to do so, respondent cannot now be heard to complain that the late filing of petitioners' claim will prejudice its preparation of a defense. Further, respondent has failed to state how the lateness of the claim will, in fact, prejudice it (see *Whitehead v Centerville Fire Dist.,* 90 AD2d 655, 656).

We conclude that the order appealed from should be reversed and leave to file a late notice of claim should be granted.

Order reversed, on the law and the facts, without costs, and petitioners' application for leave to file a late notice of claim is granted. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.