■ DANIEL PEPE et al., Appellants, v SOMERS CENTRAL SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to General

Municipal Law § 50-e (5) for leave to serve a late notice of claim, petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated October 21, 1983, as denied the application on behalf of the infant claimant.

Order reversed, insofar as appealed from, as a matter of discretion, without costs or disbursements, and the application on behalf of the infant claimant, Daniel Pepe, for leave to serve a late notice of claim is granted. The time to serve the notice of claim is extended until 20 days after service upon petitioners of a copy of the order to be made hereon, with notice of entry.

It appears from the papers submitted to Special Term that immediately after the infant's injury, which occurred during a gym class, the infant was sent by the gym teacher, Mr. Genida, to the school nurse, Ms. De Palma. Under the circumstances, including the facts that the school district "acquired actual knowledge of the essential facts constituting the claim" immediately after the accident, and has made no showing of any prejudice, the application for leave to serve a late notice of claim should have been granted on behalf of the infant claimant (General Municipal Law § 50-e [5]; *Nordman v East Greenbush Cent. School Dist.*, 75 AD2d 958; *Coonradt v Averill Park Cent. School Dist.*, 75 AD2d 925; *Matter of De Groff v Bethlehem Cent. School Dist.*, 92 AD2d 702). Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.