■ In the Matter of CLYDE H. HILL, IV, an Infant, by CLYDE H. HILL, III, et al., His Parents, et al., Appellants, v COUNTY OF CHEMUNG et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Crew, III, J.), entered March 26, 1984 in Chemung County, which denied petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioners are Clyde Henry Hill, IV, an infant, Clyde Henry Hill, III, the natural father of the infant, and Kathleen Hill, the natural mother of the infant. Petitioners seek monetary damages for personal injuries sustained by the child while he was a resident in a foster home at the direction of respondent Chemung County Department of Social Services. Petitioners' attorney stated in his moving affidavit that he became familiar with the facts of this case as outlined in the proposed notice of claim in June of 1983. Thereafter, by motion papers dated January 31, 1984, petitioners moved for permission to serve a late notice of claim against respondent

County of Chemung. The proposed notice of claim refers to incidents of physical injury and child abuse, occurring between 1978 and 1983, to the infant.

Answering affidavits from the County Attorney, respondent County Commissioner of Social Services and social service workers revealed that it would be extremely difficult to defend the claims, which dated back to 1978, and that the caseworker in charge, one Barbara Witty, passed away on February 20, 1984, just eight days prior to the argument of the motion for permission to serve the late notice of claim. Special Term denied petitioners' application for such permission and this appeal ensued.

The order of Special Term should be modified by reversing so much thereof as denied the motion to serve a late notice of claim with regard to the events alleged to have occurred between November 1982 and March 1983.

The Court of Appeals has held that: "By incorporating the toll for disability into the limitations period specified in section 50-e (subd 5) [of the General Municipal Law], the Legislature merely enlarged the time frame during which a court could lawfully grant an infant permission to serve late notice of claim * * * The decision to grant or deny an extension under section 50-e (subd 5) is still purely a discretionary one, and the courts remain free to deny an application for an extension of the interests of fairness to the potentially liable public corporation. The incorporation of the toll * * * does not, however, dictate that such applications automatically be granted" (*Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 265-266). (*See also, Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist.*, 103 AD2d 950.)

As to the injury to the child in 1978, the natural mother of the child was aware of the injury shortly after it occurred. There is no explanation for the delay of over five years and seven months before the application to serve a late notice of claim was made. Moreover, the proposed notice of claim does not contain sufficient allegations to fasten liability on the county for the 1978 incident. Thus, it cannot be said that Special Term abused its discretion by denying petitioners' application regarding the 1978 injury.

However, Special Term did abuse its discretion by denying that part of the application relating to events alleged to have occurred between November 1982 and March 1983.

The proposed claim alleges that the child was sexually abused on a number of occasions during the November

through March period while he was in the care of foster parents. On March 24, 1983, a caseworker employed by the Department informed the child's parents of the allegations of physical and sexual abuse. It appears, therefore, that by the time respondents officially informed the parents, the 90-day period had already expired with regard to events occurring prior to January 24, 1983. The record also indicates that petitioners retained their attorney in June 1983.

One purpose of a notice of claim is to give the prospective litigant time to promptly investigate the claim against it. In determining an application to extend the time to serve such a notice, the court should consider whether defendant received actual knowledge of the claim within 90 days or a reasonable time thereafter (see, Matter of Morris v County of Suffolk, 88 AD2d 956). Respondents in this case clearly were aware of the substance of the claim within 90 days and, in fact, had commenced their own investigation. Thus, the delay did not cause prejudice to respondents by preventing a prompt investigation.

The contention that the death of one of the Department's caseworkers just prior to the return date of the motion for extension caused undue prejudice to respondents in this case is unpersuasive. Even if petitioners had timely moved for the extension, and such motion had been granted, it is unlikely that the matter would have been reached for trial prior to the death of the caseworker. Further, respondents have not specified what information the caseworker had which would be relevant to their defense. Respondents make the conclusory statement that the deceased was "in charge of the file", but petitioners allege that a number of Department employees handled the case.

Finally, petitioners' attorney erred in waiting some seven months to move for the extension of time without justifiable excuse. However, the allegations upon which the litigation is based are extremely serious and the child should not be denied his day in court because of a delay which it appears did not unduly prejudice respondents.

Order modified, on the law and the facts, with costs to petitioners, by reversing so much thereof as denied petitioners' application for an extension of time to serve a late notice of claim relating to the events that allegedly occurred between November 1982 and March 1983; said portion of application granted; and, as so modified, affirmed. Mahoney, P. J., Mikoll and Harvey, JJ., concur; Main and Yesawich, Jr., JJ., concur

in part and dissent in part in the following memorandum by Yesawich, Jr., J.

Yesawich, Jr., J. (concurring in part and dissenting in part). We concur with the majority in its conclusion that permission to file a late claim on behalf of the infant should have been granted (*see, Matter of Urban v Waterford-Halfmoon Union Free School Dist.*, 105 AD2d 1022; *Matter of De Groff v Bethlehem Cent. School Dist.*, 92 AD2d 702), but find no justification for extending like relief to the parents in their individual claims (*see, Lavoie v Town of Ellenburg*, 78 AD2d 714, *lv denied* 53 NY2d 602).