■ In the Matter of ERIKA SALO, an Infant, by MARIANNE SALO and Another, Her Parents and Natural Guardians, Petitioner, and MARIANNE SALO et al., Appellants, v BOARD OF EDUCATION OF OTEGO AND UNADILLA SCHOOL DISTRICT, Also Known as UNATEGO SCHOOL BOARD, et al., Respondents.—Harvey, J. Appeal from that part of an order of the Supreme Court at Special Term (Harlem, J.), entered July 23, 1985 in Otsego County, which denied the application of petitioners Marianne and Richard Salo for leave to serve a late notice of claim.

The issue on appeal is whether it was an abuse of discretion for Special Term to deny the application of petitioners Mar-

ianne and Richard Salo (hereinafter petitioners), parents of the infant petitioner, Erika Salo, for leave to file a notice of claim more than 90 days after the alleged claim had accrued (see, Education Law § 3813 [2]; General Municipal Law § 50-e). On December 10, 1984, the infant was injured during a physical education class supervised by respondent Thomas Moriarty, an employee of the Otego and Unadilla School District (school district). Petitioners contacted respondent Ellen Sturgess, a school nurse, to inquire about the school district's accident insurance coverage for medical expenses. Petitioners were initially told that the medical expenses would be covered. Before the 90-day period for filing a notice of claim had expired, petitioners were given the additional information that the school district's insurance would only cover expenses which accrued during the two years following the injury and only during the period of time in which the infant did not participate in physical education classes. The infant's doctor, who had recommended limited participation in physical education, was unable to ascertain whether the injuries would be permanent.

Although petitioners contacted an attorney before the 90-day period had passed, the application for leave to file a late notice of claim was not served until July 3, 1985. Special Term granted the application as to the claim on behalf of the infant, but denied it as to the claim of petitioners. This appeal by petitioners ensued.

The decision to grant leave to serve a late notice of claim is a matter of discretion to be determined in light of all the facts and circumstances of a given case (see, Education Law § 3813 [2-a]; see also, General Municipal Law § 50-e [5]). Among the factors to be considered is whether a satisfactory explanation was given for the delay in filing a notice of claim (see, Fox v City of New York, 91 AD2d 624, 625; Lavoie v Town of Ellenburg, 78 AD2d 714, lv denied 53 NY2d 602). Here, the affidavits of petitioners contend that they were initially misinformed as to the scope of coverage provided by the school district's insurance policy. It is significant that there was no misinformation concerning liability insurance which was, in fact, not discussed at all. The specific information concerning benefits was corrected before the expiration of the 90-day period. The motion for leave to file a late notice of claim was not served until more than twice the 90-day period had elapsed. It was within Special Term's discretion to find no adequate excuse for delay. Likewise, it was not an abuse of discretion for Special Term to be unpersuaded by the other

excuses offered. It was not mandatory for Special Term to allow a late notice of claim for petitioners' derivative action *(see, Lavoie v Town of Ellenburg, supra).*

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.