■ MATTHEW FRIEDMAN, an Infant, by JEFFREY FRIEDMAN, His Father and Natural Guardian, Respondent, v SYOSSET CENTRAL SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is ·from an order of the Supreme Court, Nassau County (McCabe, J.), dated March 18, 1988, which granted the application on behalf of the infant petitioner.

Ordered that the order is affirmed, with costs.

We concur in the finding of the Supreme Court that the appellant and its insurance carrier acquired knowledge of the essential facts constituting the claim within 90 days of the incident which gave rise to the injuries (see, General Municipal Law § 50-e [5]). The incident was witnessed by at least one employee of the appellant, and the school quickly received written detailed reports of the incident and the infant petitioner's injuries. We further find that the appellant has failed to show that it was prejudiced by the late service of a formal notice of claim or that its ability to investigate the claim has in any way been impaired (see, Baldeo v City of New York, 127 AD2d 809; Matter of De Groff v Bethlehem Cent. School Dist., 92 AD2d 702). Accordingly, it was not an improvident exercise of discretion to grant the infant petitioner's motion for permission to serve a late notice of claim (see, Pepe v Somers Cent. School Dist., 108 AD2d 799; Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist., 103 AD2d 950; Matter of Tetro v Plainview-Old Bethpage Cent. School Dist., 99 AD2d 814). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.