■ In the Matter of CHARLES J. SALYER, JR., an Infant, by DARLENE SALYER, his Mother and Natural Guardian, et al., Appellants, v VALLEY CENTRAL SCHOOL DISTRICT, Respondent. —Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered November 3, 1988 in Orange County, which denied petitioner's application pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim.

On April 13, 1988, respondent was served with a notice of claim which alleged that on January 20, 1988, claimant Charles J. Salyer, Jr., an infant, was injured in a fall in the gymnasium of his school while participating in a game of kickball. The notice went on to allege that the fall and resulting injuries were caused by a "raised mat" and metal chair which created a dangerous condition. Thereafter, a General Municipal Law § 50-h hearing held on the claim was conducted at which claimant Darlene Salyer, Charles' mother, testified that she was unable to recall the exact date of the boy's accident. Subsequently, on August 3, 1988, claimants

made a motion for permission to file a late notice of claim since the prior notice could not have been timely. Supporting affidavits attached to the motion papers averred that Charles was actually injured in the gymnasium on "approximately December 9, 1987" and then he tripped on some stairs at school on "approximately January 6, 1988", exacerbating the prior injuries. Apparently, January 20, 1988 was the day the boy was taken to the doctor and his mother confused that day with the day of the accident. Subsequently, Supreme Court denied claimants' motion and this appeal followed.

We affirm. The granting of permission to file a late notice of claim is a matter of discretion for the trial court (see, Matter of Brand v Fulton County, 133 AD2d 893, 894; Hamm v Memorial Hosp., 99 AD2d 638). In determining whether to grant permission, however, the court is required to consider several factors, particularly "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Also to be considered is a claimant's infancy and whether the delay in serving the notice of claim caused prejudice to the public corporation (see, supra).

Here, the affidavit from Charles attached to the motion states that he injured himself sometime in December 1987 while he was playing kickball in the school gymnasium. Although he states that a teacher, teacher's aide and several other students were present, there is no allegation whatsoever that anyone actually witnessed the alleged accident. Significantly, respondent's opposition papers state that "[t]he school has no record of any gym incident at any time, December 1987 or January 1988 and no record of any fall on stairs on January 6, 1988 or any time in January 1988". Respondent persuasively contends that it would be prejudiced by being required to defend a claim essentially involving someone tripping over a transient and movable object where notice has been so long delayed. Clearly, the record does not support claimants' speculative contention that respondent received actual knowledge of the essential facts of the claim within a reasonable time; rather, the record discloses that the failure to serve a timely notice of claim would substantially prejudice respondent (see, Braverman v City of White Plains, 115 AD2d 689, 690).

The remaining issue to be addressed is the contention that Charles' infancy and the fact that he is apparently also learning disabled means that his claim should be allowed in

spite of the factors cited above. However, infant disability usually only "excuses late filing if, in the view of the court, such impediment did not prevent the public corporation * * * from acquiring actual knowledge of the essential facts" *(Bureau v Newcomb Cent. School Dist.,* 74 AD2d 133, 134; *see, e.g., Pepe v Somers Cent. School Dist.,* 108 AD2d 799; *Matter of Urban v Waterford-Halfmoon Union Free School Dist.,* 105 AD2d 1022). In contrast, respondent was prevented from acquiring the necessary facts and, therefore, all claims should be barred.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.