■ In the Matter of BAMBI NICHOLS, Individually and as Mother and Natural Guardian of ASHLEY CONNON, an Infant,

Appellant, v BOARD OF EDUCATION OF BALLSTON SPA CENTRAL SCHOOL DISTRICT et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Brown, J.), entered October 12, 1989 in Saratoga County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On January 7, 1986, petitioner's four-year-old daughter allegedly fell "on a frying pan handle" and was seriously injured while a participant in a Head Start program at Milton Terrace School in the Village of Ballston Spa, Saratoga County. Petitioner avers that she immediately notified respondent Ballston Spa Central School District (hereinafter respondent) of her child's accident; she failed, however, to file a notice of claim within the requisite 90 days (see, General Municipal Law § 50-e [1] [a]). More than 3½ years later, petitioner, both in her individual capacity and as guardian of her infant daughter, moved for leave to file a late notice of claim. Supreme Court's denial of the motion prompted this appeal.

Examination of the pertinent statutory criteria indicates that petitioner's motion on behalf of her daughter was inappropriately denied.* The factors important to this appeal include the child's infancy, respondent's timely knowledge of the occurrence and the absence of prejudice accruing to respondents (see, General Municipal Law § 50-e [5]). In her moving affidavit, petitioner attests that she informed respondent of her daughter's accident immediately after it occurred; respondents do not challenge this assertion or offer any reason why it should not be credited. That respondent timely acquired actual knowledge of the essential facts surrounding the incident has thus been established (see, Matter of Urban v Waterford-Halfmoon Union Free School Dist., 105 AD2d 1022, 1024; see also, Matter of Morgan v City of Elmira, 115 AD2d 885, 886). And since respondents, other than in the most vague and general terms, have not demonstrated that they suffered any prejudice as a result of the delay (see, Kavanaugh v Memorial Hosp. & Nursing Home, 126 AD2d 930, 931; Matter of Urban v Waterford-Halfmoon Union Free School Dist., supra, at 1024), permission to file a late notice of claim on the infant's behalf should have been granted.

Order modified, on the law and the facts, without costs, by reversing so much thereof as denied petitioner's application

---

* On oral argument in this court, petitioner withdrew her motion for leave to file a late claim on her derivative claim.

for leave to file a late notice of claim on behalf of Ashley Connon; application granted to that extent; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.