◼ In the Matter of JOHN J. AMBROSANO, Respondent, v CANAJOHARIE CENTRAL SCHOOL DISTRICT, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Best, J.), entered March 19, 1990 in Montgomery County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On March 26, 1989 petitioner, while on leave from his duties at West Point Military Academy, was injured while playing basketball on a court on the grounds of Canajoharie Elementary School, premises under the control of respondent. Richard Rose, School Superintendent for respondent, was a participant in the game that resulted in petitioner's injury.

On August 25, 1989, petitioner brought an order to show cause in Supreme Court, Orange County for leave to serve a late notice of claim. On September 19, 1989 that application was dismissed without prejudice on the ground that Orange County was an improper venue. A second order to show cause for the same relief was brought on October 24, 1989 in Montgomery County. Supreme Court thereafter granted petitioner's application for leave to file a late notice of claim. This appeal ensued.

Both Education Law § 3813 (2-a) and General Municipal Law § 50-e (5) permit the court, in its discretion, to extend the time to serve a late notice of claim. Here, respondent contends that it was deprived of actual knowledge of the claim because its Superintendent, who saw petitioner sustain the alleged injuries, was not acting in his official capacity at the time of the accident. We reject this argument. Respondent's chief officer was present at the time of the mishap, a fact that he admits in his affidavit. Thus, it is clear that respondent acquired actual knowledge of the essential facts of petitioner's claim (see, Matter of Frazzetta v Rondout Val. Cent. School Dist., 166 AD2d 843). Further, we agree with Supreme Court that "[t]he relatively short delay * * * has certainly not prejudiced [respondent]" (see, Matter of Nichols v Board of Educ., 166 AD2d 846; Matter of Edwards v Town of Delaware, 115 AD2d 205).

Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.