■ DEBORAH ESTEVES, an Infant, by Her Mother and Natural Guardian, MARGARITA NGARIN, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In an action to recover damages for personal injuries sustained by the infant plaintiff Deborah Esteves, the defendant appeals from so much of an order of the Supreme Court, Kings County (Golden, J.), dated January 26, 1990, as, upon renewal, adhered to a determination dismissing the defendant's second, fourth, fifth, sixth, and seventh affirmative defenses, and the ninth affirmative defense insofar as it refers to the infant plaintiff, and deeming the notice of claim served on behalf of the infant plaintiff to have been timely served.

Ordered that the order is affirmed insofar as appealed from, with costs.

On appeal the defendant contends that the Supreme Court improvidently exercised its discretion by deeming the infant plaintiff's notice of claim to have been timely served. We disagree. The record indicates that the infant's mother first observed her child eat paint chips taken from the peeling walls of the family apartment in the fall of 1983, and that she subsequently observed the infant eat paint chips "many more times". The defendant concedes that it received notice of the lead paint condition in the plaintiffs' apartment in July 1984 when a representative from the New York City Department of Health inspected the subject premises in response to the mother's complaints. Three days later, the defendant was served with a notice of a violation, advising it that the paint used in the plaintiffs' apartment contained excessive levels of lead.

Although the record fails to establish the precise date upon which the infant last ingested lead paint chips peeled from her apartment walls, we find under these circumstances, that the defendant "acquired actual knowledge of the essential facts constituting the claim * * * within a reasonable time thereafter" (General Municipal Law § 50-e [5]; *see, Matter of Logan v City of Albany,* 154 AD2d 861). Moreover, the defendant has failed to show that its ability to investigate the claim has been impaired in any way and thus that it has been prejudiced by the late service of a formal notice of claim *(see,* General Municipal Law § 50-e [5]; *Friedman v Syosset Cent. School Dist.,* 154 AD2d 337). Accordingly, the Supreme Court did not improvidently exercise its discretion in deeming the late notice of claim timely served *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256).

We have examined the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.