■ ANTHONY TRAINA, as Parent and Natural Guardian of SHAWN TRAINA, et al., Respondents, v VICTOR ZAMBRANA et al., Defendants, and NORTH ROCKLAND CENTRAL SCHOOL DISTRICT, Appellant. [619 NYS2d 649] —In an action to recover damages for personal injuries, etc., the defendant North Rockland Central School District appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated March 18, 1993, which granted the plaintiffs' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that the question of whether to grant an application for leave to serve a late notice of claim is committed to the sound discretion of the court *(see, Alvarez v New York City Hous. Auth.,* 203 AD2d 219; *Matter of Farrell v City of New York,* 191 AD2d 698), which must " 'strike an equitable balance between a public corporation's need for prompt notification of a claim against it, and an injured party's interest in just compensation' " *(Matter of Mondaca v County of Westchester,* 195 AD2d 511; *Matter of Ferrer v City of New York,* 172 AD2d 240). Here, given all of the circumstances presented, including the plaintiffs' explanation for their failure to serve a timely notice of claim, the relatively brief

period of delay, the existence of police records and transcripts of Family Court proceedings related to the incident, and the School District's failure to demonstrate that its ability to investigate the claim has been impaired, we cannot say that the Supreme Court improvidently exercised its discretion in granting the plaintiffs' application (see, Matter of Gadson v New York City Hous. Auth., 196 AD2d 585; Esteves v New York City Hous. Auth., 175 AD2d 197). Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.