## (October 24, 1978)

■ In the Matter of the Claim of LEROY WADE, Appellant, v CITY OF

NEW YORK et al., Respondents.—Judgment (denominated an order), Supreme Court, Bronx County, entered March 30, 1978, unanimously reversed, on the law and the facts, and in the exercise of discretion, and vacated, without costs or disbursements, and the petition granted. In May of 1977, petitioner was sentenced to one-year imprisonment at Riker's Island Correctional Center. He was assigned to kitchen work in prison, and, on September 7, 1977, he slipped on the kitchen floor and suffered multiple fractures of the left knee. On the same day petitioner was admitted to Bellevue Hospital, where he remained until October 3, 1977. On October 3 he was transferred to the hospital wing of Riker's Island, where he remained until December 16, 1977, when he was released from custody. Petitioner underwent subsequent medical treatment after his release. On January 18, 1978, after consulting a lawyer, he moved to file a late notice of claim, alleging physical incapacitation as his excuse for failing to file timely. Special Term denied the motion because "the documents presented indicate such hospital confinements were for a period of less than 90 days", and thus, "notice of claim could have been timely filed." In its answering papers the city had stated that if petitioner provided documentation of his injury, it would withdraw its opposition to the motion. Such documentation was appended to the reply affirmation of petitioner's attorney. On appeal the city avers that it does not oppose reversal because of the recent liberalizing amendment to section 50-e of the General Municipal Law and the documentation offered by the petitioner at Special Term. Section 50-e (subd 1, par [a]) of the General Municipal Law provides that a notice of claim must be served within 90 days after the claim arises. Subdivision 5 of the same section permits the court, in its discretion, to extend the time to serve a notice of claim after a consideration of all relevant facts and circumstances, including whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within the time specified". It is clear that the city had actual notice of the injury since petitioner was injured in the presence of city employees while confined in a city institution. He was treated on the same day in another institution which, although not maintained by the city, was operated under the aegis of the city. The medical reports were available to the city and would have given the city notice of the injury, and the nature thereof, similar to the information sought by the notice of claim. The Court of Appeals recently stated that "when a public body has had no formal alert that a claim in fact will be brought, actual knowledge of the facts within 90 days or shortly thereafter makes it unlikely that prejudice will follow from a delay in filing" *(Matter of Beary v City of Rye,* 44 NY2d 398, 412-413). Here, the city had actual notice from the date of the injury. Finally, petitioner's claim is also brought within the purview of the statute because his incapacitation in the hospital extended past the 90-day filing period. Consequently, his failure to file timely was excusable. Concur—Murphy, P. J., Lupiano, Markewich, Sandler and Sullivan, JJ.