■ In the Matter of ULYSSES NEWSON et al., Appellants, v CITY OF NEW YORK et al., Respondents. — In a proceeding for leave to serve a late notice of claim pursuant to section 50-e of the General Municipal Law, claimants appeal (1) from an order of the Supreme Court, Queens County (Lonschein, J.), dated December 12, 1980, which denied the application, and (2) as limited by their brief, from so much of an order of the same court, dated June 12, 1981, as upon, in effect, granting their motion to reargue and renew, adhered to its original

determination. Appeal from order dated December 12, 1980 dismissed as academic without costs or disbursements. Said order was superseded by the order dated June 12, 1981. Order dated June 12, 1981, reversed insofar as appealed from, without costs or disbursements, order dated December 12, 1980 vacated, and claimants' application granted. Special Term, in refusing to grant claimants permission to serve a late notice of claim, erroneously noted that such application is to be granted only in exceptional cases, and concluded that at bar there were no exceptional circumstances warranting such relief. The 1976 amendment to subdivision 5 of section 50-e of the General Municipal Law liberalized the granting of such applications and provided greater judicial discretion in granting relief from the 90-day filing requirement by permitting consideration of various factors, including whether the public corporation or those acting for it acquired actual knowledge of the essential facts of the claim (see *Matter of Beary v City of Rye,* 44 NY2d 398). At bar, hospital records were kept of all procedures performed upon the injured claimant and all treatments provided him over the course of his medical treatment by respondents. Moreover, the allegedly negligent acts were necessarily performed by agents of the hospital. Accordingly, it cannot be said that respondents did not have actual knowledge of the essential facts constituting the malpractice claim. As such, respondents were not substantially prejudiced in maintaining their defense by the approximately four- and one-half month delay in serving the notice of claim. Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.