**Emma J. TRIBE, Plaintiff,**

v.

**The BOROUGH OF SAYRE, the Sayre Police Department and Officer John Rhodes, Defendants.**

**No. CIV-82-1204T.**

United States District Court, W.D. New York.

April 26, 1983.

As Amended May 10, 1983.

Miller & Balok, Elmira, N.Y., for plaintiff; Mark P. Hutchinson, Elmira, N.Y., of counsel.

Davidson & O'Mara, P.C., Elmira, N.Y., for defendants; Timothy C. Eckel, Elmira, N.Y., of counsel.

## AMENDED DECISION

TELESCA, District Judge.

### FACTS

Plaintiff, a New York State resident, was injured in an automobile accident on January 19, 1981. Plaintiff's car was allegedly struck by a vehicle that was being pursued at high rates of speed by a Sayre, Pennsylvania police car. The site of the collision was Barton, New York, a town situated very near the Pennsylvania/New York border. Plaintiff commenced the instant lawsuit on December 30, 1982 alleging that the negligence of the defendants was the proximate cause of her injuries. Jurisdiction of this Court is based upon diversity of citizenship. Defendants now move this Court,

pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for an order dismissing this action on the grounds that (1) the Eleventh Amendment of the Constitution precludes suit against the Borough of Sayre in Federal District Court and (2) plaintiff's failure to comply with a Pennsylvania statute (42 Pa.C.S.A. Section 5522) requiring that a notice of claim be filed and served upon any governmental unit named as a defendant in any court proceeding mandates dismissal of the instant action.

## SOVEREIGN IMMUNITY

■ Defendants' Eleventh Amendment argument is without merit. "The bar of the Eleventh Amendment to suit in federal court extends to *States* and *state officials* in appropriate circumstances, (citations omitted) *but does not extend to counties and similar municipal corporations.*" *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1976) (emphasis added). Accordingly, defendant's motion to dismiss the complaint on grounds of sovereign immunity is denied.

## PENNSYLVANIA NOTICE STATUTE

42 Pa.C.S.A. Section 5522 provides, in pertinent part, as follows:

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding *within this Commonwealth, or elsewhere,* against a governmental unit for damages on account of any injury to his person or property . . . shall file in the office of the government unit . . . a statement in writing, signed by or in his behalf, setting forth:

(i) The name and residence address of the person to whom the cause of action has accrued.

(ii) The name and residence address of the person injured.

(iii) The date and hour of the accident.

(iv) The approximate location where the accident occurred.

(v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. (emphasis added).

Section 5522 goes on to provide, however, that "[t]he court shall excuse noncompliance with this requirement upon a showing of reasonable excuse for failure to file such statement". Additionally subsection (a)(3)(iii) of the statute states that "[f]ailure to comply with this (section) shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person".

There is no dispute that plaintiff failed to file the notice described in Section 5522 with the Borough of Sayre. Therefore, this Court must determine first whether Section 5522 applies to the case at bar and then, assuming it is applicable, determine whether plaintiff's failure to serve notice requires dismissal of the action.

■ It is well settled that in diversity cases, the federal district court "must follow the conflict of law rules prevailing in the states in which they sit". *Klaxon Co. v. Stentor Co.,* 313 U.S. 487, 489, 494, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1940). New York follows the "interest analysis" approach to choice of law questions, applying the law "of the jurisdiction which, because of its relationship or contact with the occurrence or the parties has the greatest concern with the specific issue raised in the litigation". *Babcock v. Jackson,* 12 N.Y.2d 473, 481, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).

■ Applying this "interest analysis" to the case at bar, it is apparent that Pennsylvania, and not New York, has the "strongest interest in the resolution of the particular issue presented". *Babcock v. Jackson, supra* at 484, 240 N.Y.S.2d 743, 191 N.E.2d 279. The purpose of the Pennsylvania notice statute is to give municipal authorities,

such as the Borough of Sayre, notice of the injury and the surrounding circumstances so that the matter may be investigated while it is fresh, the witnesses available and before conditions have materially changed". *Allshouse v. City of Pittsburgh*, 37 D. & C.2d 27, 31 (1965). The fact that the automobile accident occurred in New York State and injured a New York resident does not significantly dilute Pennsylvania's legitimate interests in securing compliance with its notice statute. Indeed, the express terms of the statute indicates that it was designed to have application beyond Pennsylvania's borders. Subsection (a)1 of 42 Pa.C.S.A. * * * Section 5522 provides that notice is required before "any person [commences] any civil action or proceeding *within this Commonwealth or elsewhere* against a governmental unit for damages...." (emphasis added).

Conversely, New York's interest in application of the notice statute to the instant lawsuit is, at best, slight. I can discern no relevant or rational reason for New York to want to deny timely notice to a Pennsylvania governmental unit when that governmental unit and its agents are being sued by a New York resident for an automobile accident that occurred in New York State.

■ Having determined that the Pennsylvania notice statute applies to the case at bar, I must now decide whether plaintiff's failure to file proper notice within the Borough of Sayre requires dismissal of her lawsuit. Subsection (a)(2) of the notice statute provides that a court "shall excuse noncompliance with the [notice] requirement upon a showing of reasonable excuse for failure to file such statement". According to plaintiff's counsel, plaintiff's failure to comply with the notice requirements "was due to the negligence of her counsel who assumed that New York law would control in a case involving a New York resident and a New York accident in a New York federal court". (Plaintiff's Memorandum of Law at p. 8). I find plaintiff's counsel's omission to be reasonable, particularly where, as here, the omission was directly attributable to a choice of law issue

that was not, until now, subject to a definite ruling. While it might be argued that a prudent lawyer would have filed the required statement with the Borough of Sayre as a "precautionary measure", hindsight in situations such as this is always 20–20.

■ My determination that plaintiff should be allowed to proceed with her action may also be grounded upon Subsection (a)(3)(iii) of Section 5522 which provides that failure to file the required notice will not be a bar to suit "if the governmental unit had actual or constructive notice of the incident or condition giving rise to the claim ..." It is highly unlikely that a municipality the size of Sayre, Pennsylvania remained unaware for any length of time that a vehicle, whose driver was apparently attempting to avoid capture by Sayre police officers, and which vehicle was allegedly being pursued by the police officers at high rates of speed and across state lines, collided with another vehicle thereby injuring a New York State resident. Accordingly, defendant's motion to dismiss the complaint for failure to comply with the Pennsylvania notice statute is denied.