■ GEORGE H. HAMM et al., Respondents, v MEMORIAL HOSPITAL OF GREENE COUNTY et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered February 7, 1983 in Greene County, which granted claimants' application for leave to serve a late notice of claim. In March, 1981, claimant George Henry Hamm had a tumor removed from the center of his back. A sample of the excised tissue was sent to the pathology department of defendant hospital for analysis. It reported that the tumor was benign. In February of 1982, claimant was admitted to the Veterans Administration Hospital in Albany (the V.A.) for the removal of a growth which had appeared in the same site. It was found to be malignant. Because claimant's lymph nodes had become cancerous, his right arm was amputated. Following the amputation, the V.A. obtained claimant's records from defendant hospital. On May 11, 1982, representatives of the V.A. informed claimant that the tumor removed in March, 1981 had been incorrectly analyzed by defendant hospital and that it was malignant. On June 2, 1982, having retained legal counsel, claimants made this application pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim. The application was granted. On appeal, defendants contend that claimants' application should have been denied on the ground that they failed to satisfy the requirements of subdivision 5 of section 50-e to excuse their late filing. We disagree. Subdivision 5 of section 50-e of the General Municipal Law was amended, effective September 1, 1976, to mitigate the harshness of the 90-day notice period required by subdivision 1 of that section (*Matter of Castano v New York City Health & Hosps. Corp.*, 83 AD2d 836, 837). The new standards governing permission for leave to file a late notice of claim were thereby rendered "far more elastic" (*Matter of Beary v City of Rye*, 44 NY2d 398, 407), and the decision as to whether to permit service of a late notice now lies within the "broad discretion" of the court (*Matter of Ziecker v Town of Orchard Park*, 70 AD2d 422, 426, affd 51 NY2d 957). In exercising its discretion, the court is to consider various factors; in particular, whether "the public corporation * * * acquired actual knowledge of the essential facts constituting the claim" within the 90-day time limit or within a "reasonable time" after the claim arose, and whether the delay "substantially prejudiced" the defendant in defending the case on the merits (General Municipal Law, § 50-e, subd 5). In the instant matter, defendants were themselves in possession of the medical records upon which claimants' cause of action is based, while the allegedly negligent acts were performed by defendants' agents. Accordingly, it cannot be said that defendants lacked knowledge of the facts constituting claimants' claim or that the delay in question will substantially prejudice their defense (see *Matter of Newson v City of New York*, 87 AD2d 630, 631). It should also be noted that claimants' lateness in filing was arguably caused by defendant hospital's failure to supply them with the information upon which their cause of action is based (cf. *Cassidy v County of Nassau*, 84 AD2d 742, 743). Once this information was made available to claimants by the V.A., they promptly filed their claim. Given these facts, we find that Special Term properly granted claimants' motion. Finally, we are unpersuaded by defendants' contention that

claimants' motion papers were insufficient because they contained no physicians' affidavits or medical data. At issue here is not the merit of claimants' claim, but whether Special Term abused its discretion in granting permission to file a late notice of claim. Since proof of the merit of claimants' claim is not a stated criterion for permission to file a late notice under subdivision 5 of section 50-e, claimants were under no obligation to present a prima facie case on this motion. Order affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.