**HENRY SALUDES, Plaintiff**

v.

**EVELYN RAMOS, M.D. and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 82/283

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 24, 1985

FREDERICK G. WATTS, ESQ. (LAW OFFICES OF FREDERICK G. WATTS), St. Thomas, V.I., *for plaintiff*

DIANE TRACE WARLICK, ESQ. (LAW OFFICES OF R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This matter is before the Court on remand from the Court of Appeals for the Third Circuit for "determination of whether the plaintiff's failure to comply with the requirements of the Tort Claims Act should be excused under 33 V.I.C. § 3409." Saludes v. Ramos, 744 F.2d 992, 997 (3d Cir. 1984).

Where, as here, a tort claimant has failed to file either an administrative claim or a notice of intention to file a claim within ninety days of accrual of the claim, he may file a motion with the court within two years of the accrual date seeking leave to file a late claim. The motion must be accompanied by a copy of the proposed claim and an affidavit establishing (1) that the claimant had a "reasonable excuse" for failing to comply with the ninety-day filing requirement and (2) that the Government had "actual knowledge of the facts constituting the claim" within the original ninety-day period. The Court may, in its discretion, grant the motion unless it finds that the Government has been "substantially prejudiced" by the untimely filing. 33 V.I.C. § 3409. See Saludes v. Ramos, 744 F.2d at 995.

We conclude upon the facts before us that plaintiff has failed to establish that the Government had actual knowledge of the facts constituting his proposed claim within ninety days of accrual of said claim. We need not reach, and therefore do not decide, whether plaintiff had a reasonable excuse for failing to comply with the ninety-day filing requirement or whether the Government has been substantially prejudiced by plaintiff's failure to file a notice of intention within the time limited therefor.

Plaintiff contends that "[b]y the filing of the proposed complaint pursuant to the [Health Care Provider] Malpractice Act, the Commissioner of Health, the Hospital, Dr. Ramos and the Attorney General's Office received actual knowledge of the facts constituting Plaintiff's claim." While this may be true, it does not satisfy the actual knowledge requirement of § 3409 as the proposed malpractice complaint was not filed, by plaintiff's own admission, until the

latter part of April, 1982, more than 120 days after accrual of plaintiff's claim. 33 V.I.C. § 3409(c) (Equity Supp. 1984).

Plaintiff contends, however, that "the fact that [his] hospital records were in the possession of the Hospital and thereby in possession of the Government, established that the Government had actual knowledge of the facts constituting the plaintiff's claim almost immediately after the claim accrued." To bolster this contention, plaintiff cites case law from other jurisdictions[1] for the proposition that "a government entity can have actual knowledge of a claim sufficient to allow the filing of a late claim if agents of the government observed, were aware of, or had access to reports containing the facts constituting the claim." While we do not doubt the verity of this statement viewed in the abstract, we differ with plaintiff as to what facts "constitute" his claim and as to the precedential value to be accorded the foreign decisions upon which he relies.

In Tribe v. Borough of Sayre, 562 F. Supp. 419 (W.D.N.Y. 1983) plaintiff's car was allegedly struck by a vehicle that was being pursued at a high rate of speed by a Sayre, Pennsylvania police car. Plaintiff was permitted to file a late tort claim under a Pennsylvania statute requiring that the "governmental unit had actual or constructive notice of the incident or condition giving rise to the claim . . . ." 42 Pa. C.S.A. § 5522(a)(3)(iii).[2] "It is highly unlikely," wrote the court, "that a municipality the size of Sayre, Pennsylvania remained unaware for any length of time that a vehicle, whose driver was apparently attempting to avoid capture by Sayre police officers, and which vehicle was allegedly being pursued by the police officers at high rates of speed and across state lines, collided with another vehicle thereby injuring a New York State resident." Tribe, 562 F. Supp. at 422.

In Wade v. City of New York, 409 N.Y.S.2d 404 (N.Y. App. Div. 1978) a late tort claim filing was allowed under a New York statute permitting late filing where, inter alia, the defendant public corporation "acquired actual knowledge of the facts constituting the claim within the time specified . . . ." N.Y. Gen. Mun. Law § 50-

---

[1] We consider only three of the four cases relied on by plaintiff. The factual exposition in In re Newson, 448 N.Y.S.2d 224 (N.Y. App. Div. 1982) is not sufficient to allow reasoned comparison of the facts of that case with those now before us.

[2] We do not view "actual or constructive notice of the incident or condition giving rise to the claim" as the functional equivalent of "actual knowledge of the facts constituting the claim." The former standard seems considerably less rigorous than the latter. Thus, even if Tribe were factually on all fours with the matter before us, it would be of questionable precedential value.

e(1)(a).[3] There, plaintiff prisoner, assigned to kitchen work at the Riker's Island Correctional Center, slipped on the kitchen floor and suffered multiple fractures of the left knee. He was admitted to Bellevue Hospital the next day and remained there for nearly a month. The Court found "the City had actual notice of the injury since petitioner was injured in the presence of City employees while confined in a City institution." Wade, 409 N.Y.S.2d at 404. Additionally, plaintiff's medical records "were available to the City and would have given the City notice of the injury, and the nature thereof, similar to the information sought by the notice of claim." Id. at 405.

The New York statute relied on in Wade was characterized in Hamm v. Memorial Hospital, 472 N.Y.S.2d 189 (N.Y. App. Div. 1984) as vesting "broad discretion in the trial court to permit service of a late tort claim notice." Id. at 191. There, after a tumor was removed from claimant's back in March, 1981, a sample of the excised tissue was analyzed by the pathology department at defendant hospital. The department erroneously reported that the tumor was benign. Renewed growth at the same site, subsequently removed at a Veterans Administration hospital, was found to be malignant. On May 11, 1982 representatives of the Veterans Administration informed the claimant that the tumor removed in March, 1981 had been incorrectly analyzed and that it was malignant. On June 2, 1982 claimant applied for leave to serve a late notice of claim. The motion was granted and defendant appealed.

The appellate court did not address the question of when claimant's cause of action accrued. Instead, it concluded that the trial court had not abused its discretion by granting claimant leave to file a late notice of claim:

> [D]efendants were themselves in possession of the medical records upon which claimants' cause of action is based, while

[3] General Municipal Law 50-e was amended, effective September 1, 1976, "to mitigate the harshness of the 90-day notice period required by subdivision 1 of that section." Hamm v. Memorial Hospital, 472 N.Y.S.2d at 204. Thus, under New York law, a finding of "actual knowledge" is not an absolute prerequisite to leave to file a late claim, but merely one of several factors to be taken into account by a court considering whether to grant such leave. See generally In re Consolidated Bus Cases, Civil Nos. 83-8, 83-93, and 83-99, 1984 St.T. Supp. —— (D.V.I. August 23, 1984); and Kelly v. State, 395 N.Y.S.2d 311 (N.Y. App. Div. 1977). By contrast, the late filing requirements of the Virgin Islands Tort Claims Act "clearly are not stated in the alternative but rather in the conjunctive." V.I. Telephone Corp. v. Government, 13 V.I. 405, 407 (Terr. Ct. 1977). A court of this jurisdiction may grant leave to file a late tort claim *only* where all three requirements are met. Id. The precedential value of post-1976 New York decisions is therefore questionable.

415

the allegedly negligent acts were performed by defendants' agents. Accordingly, it cannot be said that defendants lacked knowledge of the facts constituting claimants' claim . . . .

Id. Significantly, the Court added that "[i]t should also be noted that claimants' lateness in filing was arguably caused by defendant hospital's failure to supply them with the information upon which their cause of action is based." Id.

We find the present plaintiff's reliance on these cases to be misplaced. Not only are these cases of questionable precedential value due to pronounced differences between the statutes under which they were decided and 33 V.I.C. § 3409(c),[4] but they are factually distinguishable, as well.

In Tribe a small municipality was charged with knowledge of a particularly noteworthy vehicular accident allegedly caused by the negligence of its agents. The fact that the accident occurred was sufficient to alert the defendant municipality of the potential for legal action. In Wade the city was charged with knowledge of an accident where the accident occurred at a city facility in the presence of city employees and the city had access to hospital records of plaintiff's treatment for substantial injuries sustained in the accident. The Hamm court rejected the contention that defendants lacked knowledge of the facts constituting the claim on the grounds that defendants "were themselves in possession of *the medical records upon which claimants' cause of action [was] based*, while the allegedly negligent acts were performed by defendants' agents." Hamm, 472 N.Y.S.2d at 191 (emphasis added). The emphasized language, together with the court's observation that the late filing of the claim was arguably attributable to the failure of defendant hospital to supply claimant with the information upon which his claim was based, suggests that the hospital records themselves contained evidence of malpractice.

Here, by contrast, the hospital records to which plaintiff has directed our attention indicate only that plaintiff was treated on successive occasions for a human bite which plaintiff does not suggest was inflicted by defendant or its agents. Plaintiff has not directed our attention to any notation or combination of notations in the hospital records that might alert defendant to the need to investigate the circumstances surrounding plaintiff's treatment or otherwise alert defendant to its potential exposure to suit. The records

---

[4] See notes 2 and 3, supra.

themselves contain no evidence of malpractice, no facts which in our opinion constitute a claim against defendant.[5]

■ Accordingly, we hold that plaintiff has failed to establish that defendant Government had "actual knowledge of the facts constituting [his] claim," 33 V.I.C. § 3409(c), within 90 days of accrual of said claim. Consequently, we lack jurisdiction over the subject matter of this action as it relates to the Government. The complaint will therefore be dismissed as to said defendant.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of plaintiff Henry Saludes for leave to file a late tort claim be, and the same is, hereby DENIED.

FURTHER ORDERED that the complaint as to defendant Government of the Virgin Islands be, and the same is, hereby DISMISSED.

---

[5] The mere fact that plaintiff was treated by defendant for the same injury on successive occasions does not, in our opinion, constitute a claim against defendant.