■ In the Matter of BARBARA EDWARDS et al., Respondents, v TOWN OF DELAWARE, Appellant.—Main, J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered January 25, 1985 in Sullivan County, which granted

petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner Barbara Edwards was involved in an automobile accident on a Town road located in the Town of Delaware, Sullivan County, on April 7, 1984. As a result, she was hospitalized for two weeks. According to petitioners, Mrs. Edwards' condition deteriorated substantially in November 1984, when she was diagnosed as suffering from a herniated disc in the cervical spine. Petitioners, who theretofore had not timely filed a notice of claim against respondent (General Municipal Law § 50-e [1] [a]), applied to Special Term for leave to serve a late notice of claim (General Municipal Law § 50-e [5]). In an affidavit submitted by petitioners in support of their application, they stated that they had not timely filed a notice of claim against respondent because they had believed that Mrs. Edwards' condition would improve and because they had not understood the seriousness of her injury until the November 1984 diagnosis was made. Special Term, concluding that respondent had not shown that it would be prejudiced as the result of a late filing of the notice of claim, granted petitioner's application. This appeal by respondent ensued.

We affirm. General Municipal Law § 50-e (5) permits a court, in its broad discretion, to permit service of a late notice of claim (see, Hamm v Memorial Hosp., 99 AD2d 638). In exercising its discretion, the court is to consider several factors. Among these factors is whether the municipality acquired actual knowledge of the essential facts underlying the claim within 90 days after the claim arose (General Municipal Law § 50-e [1] [a]) "or within a reasonable time thereafter", and whether the delay in serving the notice "substantially prejudiced" the municipality in defending the case on the merits (General Municipal Law § 50-e [5]; see, Hamm v Memorial Hosp., supra).

Here, the facts underlying the claim became known to respondent approximately four months after the expiration of the 90-day period. In our view, this was a reasonable time, particularly in light of the fact that respondent does not contend "that there has been any subsequent change in the condition of the highway which might hinder the investigation or defense of this action" (Beatty v County of Saratoga, 74 AD2d 662, 663, appeal dismissed 53 NY2d 939). Moreover, respondent has not shown that it will be substantially prejudiced in any other respect by the brief delay in service of the notice of claim. Absent a showing that Special Term abused

its discretion in granting petitioners' application, we affirm *(see, Hamm v Memorial Hosp., supra).*

Order affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.