■ In the Matter of VIVIAN MORGAN, Respondent, v CITY OF ELMIRA et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered September 12, 1984 in Chemung County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On January 8, 1984, petitioner was a resident of an apartment located in Jones Court Housing Project in the City of Elmira, Chemung County. On that date, Elmira City Police, in an attempt to capture two fugitives from justice, became engaged in a shoot-out with the fugitives who were located in

the apartment situated immediately below petitioner's apartment. Petitioner was in her apartment at the time of the shooting. Although petitioner noticed that she had certain emotional or psychological changes, she sought no medical attention until April 24, 1984, when she was examined by a psychiatrist who formed an opinion that her emotional disturbance had been caused by the shock of being exposed to the shoot-out. Two days after her examination, she contacted a lawyer and decided to make a claim against the City of Elmira. Petitioner's claim was based on the decision by the police to allow her into the building when it was known that there were dangerous criminals inside and that a shoot-out was possible.

There was no compliance with the 90-day provision of General Municipal Law § 50-e (1) (a) for the filing of a notice of claim. On July 13, 1984, petitioner moved for permission to serve a late notice of claim. In her supporting affidavit, petitioner stated that she did not know the cause of her emotional disorder until she consulted a doctor on April 24, 1984, 17 days after the expiration of the 90-day limitation. Petitioner also contended, in a most conclusory and general manner, that the City had been put on notice because other persons had filed timely notices of claim. Special Term granted petitioner's motion and this appeal by respondents ensued.

Permitting the late filing of a notice of claim is discretionary with the trial court (*Hamm v Memorial Hosp.*, 99 AD2d 638). However, the statute sets forth specific factors to be considered by the court in reaching its decision (General Municipal Law § 50-e [5]). One factor is whether the municipality acquired actual knowledge of the material facts which constitute the claim within the 90-day period. Another factor is whether the late filing has substantially prejudiced the municipality's ability to defend against the claim.

A person seeking to file a late notice of claim has the burden to establish "in particular, whether the [respondent] acquired actual knowledge of the essential facts constituting the claim within [the 90-day period]" (General Municipal Law § 50-e [5]; *see, O'Dell v Town of Greenport,* 97 AD2d 887; *Matter of Cooper v City of Rochester,* 84 AD2d 947). The record does not include any notice of claim filed by any other claimant. We cannot, therefore, assume that the City had any knowledge of petitioner's exposure to the event. Certainly, the City had no knowledge that petitioner was damaged in any way.

We agree that petitioner's failure to meet the 90-day deadline was excusable because she did not learn of the alleged cause of her emotional problems within that time. However, we find petitioner's delay of 78 days, after consultation with her attorney before making her motion, to be inexcusable. No explanation for that delay was offered (see, *Matter of Raczy v County of Westchester,* 95 AD2d 859; *Goudie v County of Putnam,* 95 AD2d 823; see also, *Fox v City of New York,* 91 AD2d 624, 625; *Segreto v Town of Oyster Bay,* 66 AD2d 796, 797). The total absence from the record of any reason for that period of delay renders the discretionary grant of permission to serve a late notice in this case inappropriate (see, *Rodriguez v City of New York,* 86 AD2d 533, *appeal dismissed* 58 NY2d 899).

Order reversed, on the law and the facts, without costs, and motion denied. Mahoney, P. J., Main, Weiss and Harvey, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm in the following memorandum. Yesawich, Jr. (dissenting). I respectfully dissent.

Because the new standards governing permission for leave to file a late notice of claim have been purposely made far more elastic (*Hamm v Memorial Hosp.,* 99 AD2d 638), and we repeatedly reaffirm that Special Term has broad discretion in this area (*Matter of Edwards v Town of Delaware,* 115 AD2d 205), I am unwilling to say granting petitioner's application constituted an abuse of discretion. That respondent acquired knowledge of the essential facts underlying petitioner's negligence claim within the 90-day time limit is apparent, for the acts complained of were purportedly carried out by municipal agents. And the fact that petitioner did not become aware of the seriousness of her injuries until some 3½ months after the shoot-out surely is not a fatal impediment (*id.*), particularly since it does not appear respondents have been substantially prejudiced thereby in maintaining their defense. Also impacting favorably on the propriety of Special Term's decision is that any delay associated with the filing of the proposed claim was due to no fault of petitioner, nor was it occasioned by any lack of good faith.

Accordingly, I would affirm.