■ NANCY BENJAMIN et al, Appellants, v COUNTY OF WARREN et al., Respondents.—Mikoll, J. Appeals (1) from an order of the Supreme Court at Special Term (Brown, J.), entered June 13, 1985 in Warren County, which denied plaintiffs' motion for leave to file a late notice of claim, (2) from an order of said court (Mercure, J.), entered August 16, 1985 in Warren County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, and (3) from the judgment entered thereon.

Plaintiff Nancy Benjamin (hereinafter Benjamin) was employed by defendant Warren County at Westmount Health Facility until she was fired on March 8, 1984 by her superiors, defendant James E. Shoemaker, administrator of the facility, and defendant Carol Parsons, the facility's executive housekeeper. Benjamin's subsequent claim for unemployment insurance benefits was contested by the county. She was, however, awarded benefits. Benjamin then commenced a CPLR article 78 proceeding against the county seeking reinstatement and back pay. That proceeding was dismissed. Benjamin and her husband then commenced the instant action on behalf of themselves and their infant daughter.

It is Benjamin's claim that, during her employment at the facility, she consumed medication for gastrointestinal distress she suffered, believing it was caused by defendants' actions. She alleges that she discontinued taking the medicine when she later discovered she was pregnant. Benjamin alleges in the complaint that her infant daughter was born with permanent congenital heart disease. Plaintiffs brought the instant suit charging that defendants' infliction of emotional distress upon Benjamin made them responsible for her daughter's heart disease. Plaintiffs next moved for leave to file a late notice of claim against the county. Special Term denied the motion and granted defendants' subsequent motion to dismiss the entire action. Plaintiffs now appeal from both of these decisions.

As amended in 1976, General Municipal Law § 50-e (5) specifies the relevant factors to be considered by a court in deciding whether to grant an extension of the 90-day time limit to file a notice of claim set out in General Municipal Law § 50-e (1) (a). Factors relevant to the circumstances of this

case are whether the county acquired "actual knowledge of the essential facts constituting the claim" within the 90 days allowed, or a reasonable time thereafter, and whether the delay "substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e [5]). The decision to permit late service of a notice of claim lies within the discretion of the court (*Hamm v Memorial Hosp.*, 99 AD2d 638). The one seeking to file late has the burden of establishing that the public corporation acquired actual knowledge of the essential facts within a reasonable time (*Matter of Morgan v City of Elmira*, 115 AD2d 885, 886, *appeal dismissed* 67 NY2d 905). Absent an abuse of discretion, Special Term's decision will be upheld (*see, Matter of Edwards v Town of Delaware*, 115 AD2d 205, 206-207).

Examination of the instant record reveals that Special Term did not abuse its discretion in denying plaintiffs' application for leave with respect to Benjamin and her husband. There is no allegation that defendants were ever informed that Benjamin was suffering physical ailments as a result of their conduct, or that she was taking medicine, until the summons and complaint were served sometime after the infant's birth. It appears, therefore, that the court could reasonably infer that defendants would be prejudiced in preparation of a defense.

However, review of Special Term's denial of the application for leave to file a late notice of claim on behalf of the infant daughter leads to a different conclusion. The infant could not have been expected to file, or to have had filed for her, a notice of claim arising from the events occurring prior to her birth. Establishment of the infant's claim appears dependent on substantial issues of tort law and medical evidence concerning causation. It does not appear, therefore, that defendants have been substantially prejudiced by delay in regard to any cause of action the infant may have under the allegations of the complaint.

Plaintiffs' contention that the complaint should not have been dismissed as against Shoemaker and Parsons is rejected. Plaintiffs have failed to allege any specific conduct of Shoemaker and Parsons that can be considered to be outside of the scope of the duties of their employment. Generalized allegations of maliciousness and harassment are not sufficient to take the acts specified out of the scope of employment. The instant case is not one where "[t]here are facts stated * * * which if properly pleaded would permit the interpretation that the defendants did some of the acts outside of their

duties" *(Widger v Central School Dist. No. 1,* 20 AD2d 296, 300).

Finally, it was not error for Special Term to dismiss the Federal civil rights claim asserted under 42 USC § 1983 for failure to serve a notice of claim *(see, Mills v County of Monroe,* 59 NY2d 307, *cert denied* 464 US 1018).

Orders and judgment modified, on the law, without costs, by reversing so much thereof as denied infant Danielle Benjamin's motion for leave to file a late notice of claim against the County of Warren and dismissed her complaint against the County of Warren; leave granted to infant Danielle Benjamin; and, as so modified, affirmed. Mahoney, P. J., Main, Weiss and Mikoll, JJ., concur.

Kane, J., concurs in part and dissents in part in a memorandum. Kane, J. (concurring in part and dissenting in part). I am unable to find that Special Term abused its discretion by denying the application on behalf of the infant daughter for leave to serve a late notice of claim. While the period within which a court may grant an extension to serve a notice of claim is tolled during infancy, the availability of the toll does not itself mandate that an extension be granted. Rather, such determination remains discretionary (General Municipal Law § 50-e [5]; *Matter of Ford v Town of Guilderland,* 85 AD2d 868). In my opinion, a review of the record reveals no abuse of discretion in the denial of the application. There is nothing in the record to indicate that defendants were ever informed that Nancy Benjamin was suffering physical ailments as a result of their conduct, or that she was taking medication, until the summons and complaint were served. Accordingly, it is not unreasonable to infer that defendants would thereby be prejudiced in preparation of a defense.