■ In the Matter of NANCI S. KATZ, Appellant-Respondent, et al., Petitioner, v ROCKVILLE CENTRE UNION FREE SCHOOL DISTRICT, Respondent-Appellant, and EAST MEADOW SCHOOL DISTRICT, Respondent. (Matter No. 1.) NANCI S. KATZ, Respondent, et al., Plaintiff, v ROCKVILLE CENTRE UNION FREE SCHOOL DISTRICT, Appellant, and EAST MEADOW SCHOOL DISTRICT, Respondent. (Matter No. 2.)—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, and in a negligence action to recover damages for personal injuries, (1) Nanci Sue Katz appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), dated February 13, 1986, as denied her application for leave to serve and file a late notice of claim as against the East Meadow School District, and (2) the Rockville Centre Union Free School District cross-appeals from so much of the same order as granted Nanci Sue Katz's application for leave to serve and file a late notice of claim as

against it, and denied its cross motion to dismiss the complaint as against it.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which granted Nanci Sue Katz's application for leave to serve and file a late notice of claim as against the Rockville Centre Union Free School District and denied the cross motion of the Rockville Centre Union Free School District to dismiss the complaint as against it, and substituting therefor provisions denying the application for leave to serve and file a late notice of claim and granting the cross motion to dismiss the complaint as against the Rockville Centre Union Free School District. As so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The application of Nanci Sue Katz should have been denied in its entirety. The availability of the toll of infancy in proceedings pursuant to General Municipal Law § 50-e (5) does not deprive the court of its discretion in deciding applications for leave to file a late notice of claim nor require that an extension be granted in every case (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256; Montana v City of New York, 96 AD2d 1031, 1032). At bar, the disability of infancy is outweighed by other factors. Nanci Sue Katz has failed to adequately explain the unreasonable delay in bringing the proceeding for leave to serve a late notice of claim until nearly three years after the accident (see, e.g., Montana v City of New York, supra; Fox v City of New York, 91 AD2d 624; Matter of Morris v County of Suffolk, 88 AD2d 956, affd 58 NY2d 767). Nor did she allege adequate facts to establish that the school districts had actual knowledge of the facts underlying the claim of negligence within a reasonable time after the accident occurred (see, e.g., Fox v City of New York, supra; Matter of Morris v County of Suffolk, supra; cf., Lewis v New York City Tr. Auth., 100 AD2d 896; Matter of Tetro v Plainview-Old Bethpage Cent. School Dist., 99 AD2d 814). In addition, the delay was unrelated to her infancy (see, Montana v City of New York, supra; Matter of Vezza v City of Yonkers, 92 AD2d 570; cf., Matter of Tetro v Plainview-Old Bethpage Cent. School Dist., supra), and her injury did not appear so serious at the time of the occurrence that the school districts would have been alerted to the advisability of making a full investigation of the incident (see, Matter of Hogan v Town of Orangetown, 108 AD2d 857; cf., Matter of Bensen v Town of Islip, 99 AD2d 755, appeal dismissed 62 NY2d 798). There is at least some question as to the effect of the delay upon the ability of

the school districts to prepare a defense. In any event, the absence of prejudice attributable to the delay would not be dispositive, but is only one factor to be considered by the court (see, e.g., Rechenberger v Nassau County Med. Center, 112 AD2d 150, 152; Matter of Morris v County of Suffolk, supra). Under these circumstances, the application to file a late notice of claim should have been denied in its entirety and the complaint dismissed as against the Rockville Centre Union Free School District. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.