◼ In the Matter of OLIVE BRAND, Respondent, v FULTON COUNTY, Appellant.—Main, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered August 1, 1986 in Fulton County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner underwent surgery in July 1982 to repair a spinal fusion which had been performed on her several years earlier. As a result of the surgery, she had a wound on her back which required the application of a sterile dressing. The Fulton County Nursing Service arranged to send a registered nurse to petitioner's home to change the dressing as needed. These services were discontinued in October 1982, when petitioner's nephew took over application of the dressing.

In July 1985, petitioner developed an abscess on her back in the area of the prior surgery, and in August 1985 she underwent surgery to find the cause of the abscess. Following surgery, she was informed that foreign material consisting of gauze fragments had been removed from the abscess. Petitioner suffered a stroke shortly after the operation, during her hospital stay. After she was discharged, she recuperated at her nephew's home and, at her doctor's recommendation, in

Florida. Upon her return from Florida in February 1986, she consulted with attorneys and, shortly thereafter, moved for an order granting permission to serve a late notice of claim upon respondent pursuant to General Municipal Law § 50-e (5). The motion was granted and respondent appeals.

The granting of permission to serve a late notice of claim is, as we have frequently noted, a matter of discretion for the trial court (see, *Matter of Morgan v City of Elmira,* 115 AD2d 885, 886, *appeal dismissed* 67 NY2d 905; *Hamm v Memorial Hosp.,* 99 AD2d 638). In determining whether to grant permission, however, the court is required to consider several factors (see, General Municipal Law § 50-e [5]). In this case, the relevant factors for Supreme Court's consideration include the extent of petitioner's physical incapacity, whether respondent acquired actual notice of the facts underlying the claim within 90 days after the claim arose or within a reasonable time thereafter, and whether respondent has been substantially prejudiced by the delay. Upon consideration of these facts, we conclude that Supreme Court did not abuse its discretion in granting the motion, and we accordingly affirm. In particular, we note that respondent has not demonstrated that it will be prejudiced in any way by permitting the late filing since petitioner has provided the medical records pertaining to her treatment (see, *Hamm v Memorial Hosp., supra*). With respect to petitioner's physical incapacity, we note that she apparently has suffered some permanent disability as a result of her surgery. Moreover, she did act promptly to seek permission to file a late claim after returning from recuperation in Florida and consulting an attorney (cf., *Matter of Morgan v City of Elmira, supra,* at 887). Accordingly, Supreme Court acted properly in granting petitioner permission to file a late notice of claim.

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.