In the Matter of RICHARD A. ANDREWS, Appellant, v VILLAGE OF SHERBURNE, Respondent.—Weiss, J.

This case arises out of a bizarre incident on April 24, 1986 in the Village of Sherburne, Chenango County. Petitioner alleges that he was driving his pickup truck, accompanied by Winifred Palmer, when Palmer's ex-boyfriend, Eric Steward, jumped into the back of the truck and began striking and kicking the cab windows. As petitioner continued to drive, Steward either fell or jumped into the roadway. After summoning the assistance of William Excell, respondent's police chief, petitioner returned to the scene where Steward was found in the road, allegedly intoxicated. Steward was taken to the hospital where he died four days later. Petitioner maintains that Excell resisted his request to place Steward under arrest at the scene. On April 28, 1986, petitioner gave a statement to the State Police detailing the incident. Excell filed his own report with respondent the same day. On September 29, 1986, petitioner wrote to respondent's Mayor, requesting permission to register a complaint of malfeasance concerning Excell's handling of the April 24, 1986 incident with the Village Board, and enclosed a copy of a letter sent to the Attorney-General requesting an investigation. At this juncture, no mention was made concerning Excell's report. On October 30, 1986, petitioner directed a letter to the "Village of Sherburne" in which he stated for the first time that Excell intentionally prepared an inaccurate report of the April 24, 1986 incident in order to discredit him. Petitioner maintains that Excell acted in collusion with Steward's father, a village trustee, who had commenced a wrongful death action against petitioner. In response, respondent indicated it would defer to

the Attorney-General's office. By order to show cause dated April 23, 1987, petitioner moved for permission to file a late notice of claim against respondent *(see,* General Municipal Law § 50-e [5]). Petitioner characterized the claim, which he premised on the alleged conspiracy between Excell and Steward's father, as one for "(1) defamation; (2) fraud; (3) mental anguish; and (4) deprivation of rights, privileges or immunities secured under the U.S. Constitution and 42 USC sections 1981 and 1983". Supreme Court denied the motion giving rise to this appeal.

We affirm. Supreme Court enjoys broad discretion in permitting the late filing of a notice of claim, giving due consideration to various statutory factors (General Municipal Law § 50-e [5]; *see, Matter of Morgan v City of Elmira,* 115 AD2d 885, 886, *appeal dismissed* 67 NY2d 905; *Hamm v Memorial Hosp.,* 99 AD2d 638). Among other considerations, petitioner was required to establish "in particular, whether [respondent] acquired actual knowledge of the essential facts constituting the claim within [the statutory 90-day period] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Here, petitioner's claim does not focus on the altercation with Steward on April 24, 1986, but on the purportedly fraudulent report prepared by Excell on April 28, 1986. By its terms, the police report would not have alerted respondent to the nature of petitioner's present claims *(see, Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767; *see also, O'Dell v Town of Greenport,* 97 AD2d 887; *Matter of Cooper v City of Rochester,* 84 AD2d 947; *cf., Matter of Herman v Village of Chester,* 125 AD2d 469, 470). The record shows that respondent first received notice of the alleged Excell-Steward conspiracy in petitioner's October 30, 1986 letter, some six months after the event in question. As such, respondent did not possess actual knowledge of the claims within a reasonable time of the occurrence *(see, Matter of Morgan v City of Elmira, supra,* at 886). Moreover, despite being privy to the Excell report by at least October 30, 1986, petitioner waited until April 23, 1987, another six months, before making the present application for leave to file a late notice of claim. Such a delay is inexcusable, particularly when the sole excuse proffered by petitioner was the simple assertion that he "did not know such a requirement existed" *(see, supra,* at 887; *Matter of Morris v County of Suffolk, supra,* at 956-957). Supreme Court could readily reject this excuse as inadequate *(see, Matter of Thom v Village of Wappingers Falls,* 131 AD2d 855; *Matter of Salo v Board of Educ.,* 117 AD2d 922, 923).

Finally, there is some concern that the delay described may have prejudiced respondent's ability to prepare a defense *(see, Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575-576). In any event, a lack of substantial prejudice is not determinative *(supra; Matter of Morris v County of Suffolk, supra,* at 957). Under the circumstances presented, Supreme Court did not abuse its discretion in denying the application.

Order affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.