■ In the Matter of VICTOR F. STENOWICH, SR., Appellant, v COLONIE INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered August 11, 1988 in Albany County,

which, *inter alia,* denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner was injured on September 29, 1987 at his place of employment, Sysco Frosted Foods, Inc., when a valve upon a refrigeration unit failed, causing the escape of toxic gas. The real property upon which the Sysco facility is located is owned by respondent Colonie Industrial Development Agency (hereinafter the IDA), a public authority established by General Municipal Law § 911-d. Petitioner first consulted with an attorney about the accident on November 13, 1987. On November 24, 1987, petitioner's attorney commissioned an abstract of title to determine ownership of the premises but, having received no result by February 1988, searched the land records of the Albany County Clerk's office himself during the second week of February 1988 and discovered the IDA's ownership of the property. On March 18, 1988, the IDA was served with papers in support of this application for leave to serve a late notice of claim *(see,* General Municipal Law § 50-e [5]). Supreme Court denied the application; petitioner appeals.

We affirm. Initially, we agree with Supreme Court that petitioner failed to satisfy his burden of establishing that the IDA acquired actual knowledge of the essential facts constituting his claim against it within the 90 days following the accident or within a reasonable time thereafter *(see,* General Municipal Law § 50-e [5]; *Matter of Andrews v Village of Sherburne,* 140 AD2d 790, 791, *lv denied* 72 NY2d 807) and we recognize that this is a factor which should be accorded great weight *(see, Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767). The assertion in the attorney's affidavit in support of the application that prior notice was afforded by news accounts of the accident or investigations by the Police Department of the Town of Colonie, Albany County, and the Occupational Safety and Health Administration of the United States Department of Labor is entirely speculative and denied by the IDA.

Next, contrary to petitioner's argument, we find that it took petitioner's attorney an inordinate period of time to ascertain the identity of the owner of the property upon which the accident occurred. Moreover, even crediting the claim that there was nothing to readily indicate that a public corporation was involved *(see, Baldeo v City of New York,* 127 AD2d 809), the fact remains that another five weeks elapsed from the time of discovery of the IDA's involvement to service of the papers in support of the application. Thus, Supreme Court was

justified in concluding that petitioner had failed to proffer an adequate excuse for the late filing *(see, Matter of Morris v County of Suffolk, supra)*.

Finally, there is some question as to the effect of the delay upon the ability of the IDA to fully investigate the accident and prepare a defense. Although it is true that Federal officials performed an in-depth investigation of the accident, their focus was on the employer's conduct, particularly its failure to utilize appropriate safety equipment, and not on a breach of any duty of care by the IDA. In any event, lack of prejudice is not of itself determinative *(see, Matter of Andrews v Village of Sherburne, supra,* at 792), but is only one factor to be considered *(see, Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575-576, *lv denied* 71 NY2d 801). In our view, under the circumstances presented, Supreme Court did not abuse its broad discretion in refusing to permit the late filing of a notice of claim *(see, Benjamin v County of Warren,* 128 AD2d 973, 974, *lv denied* 71 NY2d 806; *Hamm v Memorial Hosp.,* 99 AD2d 638).

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.