■ In the Matter of VAUGHN BLOOM et al., Respondents, v HERRICK UNION FREE SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, Herrick Union Free School District appeals from (1) an order of the Supreme Court, Nassau County (Morrison, J.), dated January 23, 1989, which granted the petitioners' motion for leave to serve a late notice of claim to the extent of granting the infant-petitioner leave to do so, and (2) so much of an order of the same court, dated August 15, 1989, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated January 23, 1989 is dismissed, as that order was superseded by the order dated August 15, 1989, made upon reargument; and it is further,

Ordered that the order dated August 15, 1989, is reversed insofar as appealed from, on the law and as a matter of discretion, the order entered January 23, 1989, is vacated, and the petitioners' motion for leave to serve a late notice of claim is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The infant-petitioner was allegedly sexually abused by the respondent Jerome Cohen during the 1980-1981 school year, while Cohen was employed as a teacher by the respondent Herrick Union Free School District. The infant's mother allegedly did not discover the abuse until October 1987, and in

October 1988 she and the infant sought leave to serve a late notice of claim.

"In deciding whether leave to file a late notice of claim should be granted, the key factors are whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (General Municipal Law § 50-e [1]) or a reasonable time thereafter and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(Braverman v City of White Plains,* 115 AD2d 689, 690)" *(Matter of Perry v City of New York,* 133 AD2d 692, 693). The availability of the toll of infancy in proceedings pursuant to General Municipal Law § 50-e (5) does not deprive the court of its discretion in deciding applications for leave to file a late notice of claim or require that an extension be granted in every case *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Here, the petitioners have failed to allege adequate facts to establish that the Herrick Union Free School District had acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter (General Municipal Law § 50-e [1]; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575). Thus, the disability of infancy did not outweigh any prejudice to the school district from the delay. Accordingly, under the circumstances, it was an improvident exercise of discretion for the Supreme Court to have granted the infant-petitioner leave to serve a late notice of claim. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.