■ In the Matter of DONALD E., an Infant, by PAULINE E., His Parent and Natural Guardian, et al., Appellants, v GLOVERSVILLE ENLARGED SCHOOL DISTRICT, Respondent. (Proceeding No. 1.) In the Matter of DONALD E., an Infant, by PAULINE E., His Parent and Natural Guardian, et al., Appellants, v HAMILTON-FULTON AND MONTGOMERY COUNTIES BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. (Proceeding No. 2.) [594 NYS2d 385] —Mikoll, J. P. Appeals in proceeding No. 1 (1) from an order of the Supreme Court (White, J.), entered April 22, 1991 in Fulton County, which denied petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, and (2) from an order of said court, entered October 18, 1991 in Fulton County, which, upon renewal, adhered to its prior decision.

Appeal in proceeding No. 2 from an order of the Supreme Court (Best, J.), entered March 12, 1992 in Fulton County, which denied petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

---

The question presented on these appeals is whether Supreme Court properly denied petitioners' motion for leave to serve a late notice of claim for damages arising out of the alleged sexual abuse of petitioner Donald E. (hereinafter the infant).

Factors to be considered in deciding an application for leave to serve a late notice of claim include the reason for the delay, whether the public corporation obtained actual knowledge of the claim within the 90 days after the claim arose or shortly thereafter, and whether the delay will prejudice the public corporation *(see,* General Municipal Law § 50-e [5]; *Matter of Perry v City of New York,* 133 AD2d 692, 693). Although infancy is also listed as a relevant factor in the statute, infancy neither deprives the court of its discretion nor requires it to grant an application in every instance *(see, Matter of Bloom v Herrick Union Free School Dist.,* 174 AD2d 665, 666; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575, *lv denied* 71 NY2d 801).

General Municipal Law § 50-e (5) permits a court, in its discretion, to grant such an application for up to one year and 90 days after accrual of the cause of action *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671; *Matter of Frazzetta v Rondout Val. Cent. School Dist.,* 166 AD2d 843, 844). In addition, infancy can extend the time limit beyond the one year and 90-day period (CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Petitioners commenced proceeding No. 1 on November 28, 1990 and proceeding No. 2 on July 29, 1991 alleging that the infant sustained certain injuries as a result of being sodomized by his special education teacher and the teacher's friend. It is alleged that these events occurred "during 1988 and 1989". We initially note that Supreme Court lacked the authority to grant the application of petitioner Pauline E. in proceeding No. 1 as to any of the allegations relating to 1988 and those prior to August 30, 1989 in that said part of the application was made more than one year and 90 days after the alleged cause of action accrued *(see,* General Municipal Law § 50-e [5]; § 50-i [1]; *Pierson v City of New York,* 56 NY2d 950, 954; *Matter of Lucy L. v County of Westchester,* 149 AD2d 707). The same result obtains with regard to her entire application in proceeding No. 2 *(see, supra).*

As to those parts of the applications which remain, we agree with Supreme Court that petitioners failed to establish that respondents had actual knowledge of the facts underlying the claims within the 90-day statutory period or a reasonable time

thereafter *(see, Matter of Bloom v Herrick Union Free School Dist., supra,* at 666; *Matter of Kareca Lashawn J. v County of Westchester,* 142 AD2d 729, *lv denied* 74 NY2d 602; *Matter of Soe v County of Westchester,* 142 AD2d 584). The record reveals that respondent Hamilton-Fulton and Montgomery Counties Board of Cooperative Educational Services did not know about any of the alleged problems regarding the infant's teacher until April 1990 when it was first informed that a criminal investigation had begun. Respondent Gloversville Enlarged School District was not apprised of the investigation until July 2, 1990. We also note that, although respondents knew of a criminal investigation, the record is unclear as to how specific this information to respondents was. In addition, petitioners allege that the sexual abuse occurred "during 1988 and 1989". Because the time period involved in the claims is not more specific, respondents' knowledge arguably came anywhere from four months to 2½ years after the claims arose. Under the circumstances, we find that the delay in notice caused prejudice to respondents in defending the allegations of these claims which served to outweigh the disability of infancy *(see, Matter of Bloom v Herrick Union Free School Dist., supra; Caparco v Town of Brookhaven,* 133 AD2d 803).

The instant case is factually distinguishable from *Benjamin v County of Warren* (128 AD2d 973, *lv denied* 71 NY2d 806). There, where the notice of claim was for events arising prior to the infant's birth, the majority held that the disability of infancy outweighed the prejudice to the public corporation. The majority reasoned that the infant's claim depended on substantial issues of tort law and medical evidence concerning causation for the baby's congenital heart disease condition and that the infant could not be expected to file, or to have filed for her, a notice of claim for those events occurring prior to her birth and which were apparently unknown before the birth. In contrast, the infant here was a 12-year-old boy at the time the alleged abuse occurred who had the capacity to complain and make the abuse known. His infancy disability was much less severe than that of the infant in *Benjamin v County of Warren (supra).*

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the orders are affirmed, without costs.