■ In the Matter of TIFFANY SCHELMETY, Respondent, v VILLAGE OF HAVERSTRAW, Appellant. [646 NYS2d 534] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Village of Haverstraw appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 20, 1995, which granted the application.

Ordered that the order is reversed, as an exercise of discretion, with costs, and the application is denied.

The petitioner failed to proffer a reasonable excuse for waiting almost four years after the prescribed 90-day period to commence the instant proceeding against the Village of Haverstraw (see, Matter of Stenowich v Colonie Indus. Dev. Agency, 151 AD2d 894; Matter of Russ v New York City Hous. Auth., 198 AD2d 361; Matter of Zee v Hicksville Union Free School Dist., 210 AD2d 237). Moreover, the petitioner failed to establish that the Village of Haverstraw acquired actual notice of the essential facts constituting her claim within the prescribed 90-day period "or within a reasonable time thereafter" (General Municipal Law § 50-e [5]; see, Matter of Stenowich v Colonie Indus. Dev. Agency, supra). The conversation between the petitioner's private investigator and the Building Inspector of the Village of Haverstraw which occurred in November 1991, over a year after the incident, did not satisfy that requirement (see, Matter of Stenowich v Colonie Indus. Dev. Agency, supra). Indeed, the Supreme Court utilized an incorrect test when it held for the petitioner on the ground that the municipality acquired "actual knowledge of the essential facts constituting the claim within a year and ninety days of the accident". Under all of the circumstances, the Supreme Court improvidently exercised its discretion in granting the petitioner's application (see, Matter of Katz v Rockville Centre Union Free School Dist., 131 AD2d 574). Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.